a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| GOGA KHOMERIKI,<br>Petitioner | CIVIL DOCKET NO. 1:25-CV-01711<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| ANGEL WOLFE ET AL,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Goga Khomeriki ("Khomeriki"), an immigration detainee at River Correctional Center in Ferriday, Louisiana. Khomeriki challenges the legality of his continued detention.

Because Khomeriki's removal is not likely to occur in the reasonably foreseeable future, the Petition should be GRANTED.

## I. Background

Khomeriki is a native and citizen of Georgia who has been detained since April 23, 2024. ECF Nos. 1 at 2; 12-1 at 1. An immigration judge ordered him removed to Georgia, but granted withholding. *Id.* The appeal was dismissed on March 10, 2025, and the removal order became final. *Id.*

On March 24, 2025, Enforcement and Removal Operations ("ERO") sent a request for acceptance to the Consulate of France to determine if the country is

1

willing to accept Khomeriki.  Despite a follow-up email on April 30, 2025, France has never responded to the request.  ECF No. 12-1 at 2.

On May 30, 2025, ERO sent a request for acceptance to the Consulate of Turkey to determine if the country is willing to accept Khomeriki.  To date, Turkey has never replied.  *Id.*

July 2, 2025, ERO sent a request for acceptance to the Embassy of Moldova and Consulate of Kosovo to determine if either country is willing to accept Khomeriki. Neither country replied.  *Id.*

## II.    Law and Analysis

The Court has jurisdiction to consider Abdalla's challenge to his continued post-removal order detention. See Nguyen v. Noem, No. 5:25-CV-176, 2026 WL 237282, at *6 (S.D. Tex. Jan. 28, 2026) ("Mr. Nguyen contests only his post-removal-period detention . . . rather than any aspect of his underlying removal order or the decision by DHS to execute it. Thus, . . . the Court retains jurisdiction to review his detention.").  After a detainee is ordered removed, the Government has 90 days within which to effectuate the removal. See 8 U.S.C. § 1231(a)(1)(A).

However, § 1231 permits detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. See Zadvydas, 533 U.S. at 701. In fact, detention for up to six months is "presumptively reasonable." Id. Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing or release him." Id.; see also 8 CFR § 241.13 (setting forth the Zadvydas procedures). The petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. See

Andrade v. Gonzales, 459 F.3d 538 (5th Cir. 2006). The detainee's claim must be supported by more than mere "speculation and conjecture." Idowu v. Ridge, No. 03-cv-1293, 2003 WL 21805198, *4 (N.D. Tex. Aug. 4, 2003) (citing Fahim v. Ashcroft, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)).Khomeriki has been detained well beyond the presumptively reasonable period, and the presumption of reasonableness no longer applies. See Shengelia v. Ortega, 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025).

Khomeriki has satisfied the initial burden of demonstrating that his removal is not likely in the reasonably foreseeable future. He was granted withholding of removal to Georgia, the only country of which he is a citizen. And no country contacted—including France, Turkey, Greece, Moldova, and Kosovo—has responded to the Government's request—much less agreed to accept Khomeriki's removal and issue travel documents. ECF No. 12-1. Meanwhile, Khomeriki has now been detained by the Government for two years, including 12 months after his removal order became final.

"[F]or detention to remain reasonable, as the period of prior post-removal order confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Zadvydas, 533 U.S. at 701. The burden, therefore, shifts to the Government to establish a significant likelihood that Khomeriki will be removed in the reasonably foreseeable future.

The Government presents a declaration of Assistant Field Office Director Charles Ward, dated March 4, 2026. The declaration states only that the last request to a third country was made on July 2, 2025—eight months ago. ECF No. 12-1.

3

Although the Government has apparently been "searching" for a country to which it can send Khomeriki—apparently for the last eight months—no progress has been made. The Government is thus no closer to removing Khomeriki now than it was in July 2025. *Id.*

"A remote possibility of an eventual removal is not analogous to a significant likelihood that removal will occur in the reasonably foreseeable future." *Nguyen v. Noem*, 5:25-CV-176, 2026 WL 237282, at *9 (S.D. Tex. Jan. 28, 2026) (citing *Balouch v. Bondi*, 2025 WL 2871914, at *3 (E.D. Tex. Oct. 9, 2025) (citation omitted)). Whatever latitude § 1231(a)(6) and executive policy may afford for temporary, good-faith efforts to secure travel documents, they do not permit the Government to hold anyone on American soil and in civil detention for nearly two years while it waits on speculative, undefined, and shifting possibilities of removal to countries whose willingness to receive him remain uncertain. *See Zadvydas*, 533 U.S. at 689–701.

III.   Conclusion

Khomeriki has established his carried his initial burden of establishing that his removal is not likely in the reasonably foreseeable future. The Government has failed to meet its burden to refute that claim. Khomeriki's continued detention is thus Constitutionally, and wholly, improper Therefore,

IT IS RECOMMENDED that the Petition (ECF No. 1) be GRANTED and that Petitioner Khomeriki be ORDERED RELEASED IMMEDIATELY UPON PROCESSING.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the

Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, March 10, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE